## 11194

### *EX PARTE* ALVERSON *ET AL.*
### *IN RE.* LANCASTER *ET AL.*

(117 S. E., 316)

1. Schools and School Districts—Act Providing for Election of Trustees in Spartanburg County Not Affected by Subsequent Legislation.—Act May 9, 1917 (30 St. at Large, p. 386), providing a special method of electing trustees in Spartanburg County, is not affected by Act Dec. 28, 1918 (31 St. at Large, p. 3), containing a proviso that the provisions of this Act shall not affect the election of trustees in districts in which election of trustees is now provided by law.

2. Schools and School Districts—Statute Held Not to Authorize Commissioners to Determination of Length of Varying Terms of Trustees Elected Receiving Same Number of Votes.—Under Act May 9, 1917 (30 St. at Large, p. 386), providing a special method of electing school trustees in Spartanburg County, and providing that "the one receiving the highest vote shall be commissioned for six years, the second highest for four years, and the next for two years,"

an entirely new board is provided for, but, where the three candidates receive the same number of votes, there is no authority to commission either of them and determine their terms; Const. Art. 1, § 11, providing that "the terms of all officers shall be for some specified period," and the means of specification in such case having failed.

Before SEASE, J., Spartanburg, April, 1922. Reversed.

Application by J. E. Alverson and others, to be commissioned trustees of the Victor School District, opposed by J. B. Lancaster and others. From an order authorizing one of the petitioners to be commissioned such a trustee, both petitioners and respondents appeal.

*Mr. Cornelius Ott,* for appellants, cites: *Acts involved:* 30 Stat., 386; 31 Stat. 3. *Office of School Trustee may be abolished or changed by Legislature:* Suth. Stat. Const. Par., 247; 662. *Act. 31 Stat. 3 is void:* Const. 1895, Art. 3, Sec., 17; 68 S. C., 148.

*Messrs. Nicholls & Wyche,* for respondents, cite: *Act 1917 (30 Stat. 386), is local option measure not effective until adopted.*

April 21, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

In 1917 an Act of the General Assembly was passed (Act May 9, 1917 [30 St. at Large, p. 386]), which, so far as it affects this case, reads:

"Provided, that in the county of Spartanburg, in those school districts in which trustees were appointed by the county board of education under Section 1752, the policy of electing school trustees shall be adopted in any such school district upon the filing of a petition therefor in the office of the county superintendent of education, signed by a majority of the qualified electors of such school district. on or before the first day of March of any year; upon a proper petition being so filed, the county superintendent

of education shall order an election to be held on the first
Tuesday in April thereafter, giving ten days' notice thereof,
and appointing three qualified electors of such school dis-
trict to conduct such election, who shall tabulate the ballots
and make return thereon to the county board of education
·within ten days after the holding of such election, and the
county board of education shall commission the trustees
elected; at the first of such elections the one receiving the
highest vote shall be commissioner for six years, the second
highest for four years, and the next for two years, and
thereafter one trustee shall be elected for six. years each
even year.    Vacancies shall be filled by appointment, by
the county board for the unexpired term.    In school dis-
tricts now having more than three trustees, upon the filing
of such petitions for election the trustees shall thereafter be
reduced to three.    Immediately after each such election the
respective boards of school district trustees shall organize
by electing one of its members chairman.    All such elec-
tions shall be by ballot, and at each election qualified elec-
tors of the school district residing therein shall vote."

    In March, 1922, a. petition was filed with the county
board of education from Victor school district for an
election of trustees for said district.   The election was
held under an order of the Court, and the petitioners re-
ceived a majority of the votes.   They received the same
number of votes.   The board refused to commission the
trustees elected, on the ground that the Act of 1917 had
been repealed by the Act of 1918 found in the Acts of
1919, at page 3, and, even if the election was valid other-
wise, there was only one vacancy on the board, and there
was no way in which they could determine which of the
three to commission.   There was then an application to
the Court for an order to require the county board to issue
the commission.   The Court made this order:

    "This matter comes before me on a rule to show cause,
and, after hearing the return of the respondents and the

consideration of both the Acts of the General Assembly, it appears to the Court that there is but one vacancy in the board of trustees for Victor school district No. 55, and, while in doubt as to the correct interpretation of this statute, the Court is convinced that he has no right to oust two of the school trustees whose terms have not expired, in order to make room for three trustees elected. It is true this Court ordered an election for three trustees, but, if the matter had been called to my attention, viewing the matter as I now do, this Court would have only ordered an election for one trustee. It further appearing that all three trustees elected received the same number of votes, the Court will direct that such trustee as the three trustees may mutually agree upon shall be commissioned as one of the trustees for Victor school district No. 55.

"Inasmuch as it has been indicated that this matter would be appealed to the Supreme Court, it is expressly understood that the selection of one of the trustees by the petitioners for appointment shall not prejudice the rights of the three trustees for Victor school district No. 55 in case this order shall be reversed or modified by the Supreme Court.

"Let a copy of this order be forthwith served upon J. B. Lancaster, superintendent of education for Spartanburg County."

I. It is clear that the Act of 1918 does not apply to the Act of 1917. The Act of 1918 contains this proviso:

"*Provided*, the provisions of this Act shall not affect the election of school trustees in school districts of this State in which election of such trustees is now provided by law."

The words used are "provided by law." The word "adopted" is not used. The election of school trustees for Spartanburg school districts was "provided for," and therefore the Act of 1918 does not apply to the Spartanburg school district.

II. The Act of 1917 provides for the new board.
If the position that there was only one vacancy be correct, then the Legislature can never create a new board, as the terms of office of the old board expire at different times. It is not claimed that the Legislature cannot make a change and oust a trustee before the expiration of his term, but that the presumption is· against it. There is no room for such a presumption here, as the language is clear that an entirely new board at one time is provided for. It may be a· *casus omissus,* but the provision is clear. "The one receiving the highest vote shall be commissioned for six years, the second highest for four years, and the next for two years." The three received the same number of votes, and the statute provided no way in which the terms of office could be determined. The school board had no right to settle the matter. Inasmuch as the school board had no right to act, the Courts are without power to require them to do an unauthorized act. Until the Legislature makes provision for such a contingency, or a new election is held, there is no authority to commission either one of the three, nor to determine' the two, four, and six year terms. The Constitution (Article 1, § 11) provides "the terms of all officers shall be for some specified period." The means of specification under the Act has failed.

The order appealed from is reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE MARION concurs in result.

MR. JUSTICE COTHRAN (concurring in result) : I concur in the reversal of the order of the Circuit Judge, but am of opinion that the judgment of this Court should extend further than a mere reversal of that order.

In 1917 the General Assembly passed an act providing for a special method of electing school trustees in Spartanburg County. Under Section 1752, Vol. I, Code of Laws A. D. 1912, the plan generally adopted was appointment by

the county board of education. The Act of 1917 changed this plan as to Spartanburg county, and provided that, upon the filing of a petition signed by a majority of the qualified electors in a school district on or before March 1st in any even year, the county board of education should order an election for school trustees to be held on the first Tuesday in April. The Act contained the following remarkable provision:

"At the first of such elections the one receiving the highest vote shall be commissioned for 6 years, the second highest for 4 years and the next for 2 years, and thereafter one trustee shall be elected for 6 years each even year."

In 1918, the General Assembly passed another Act upon the subject. The title of the Act was as follows:

"An Act relating to the appointment of school trustees and to fix their term of office and to declare the Fort Mill (York County) school district a free school district: *Provided, further,* That the Fort Mill (York County) school district is hereby declared a free school district and that no tuition or fee of any kind shall be collected of any patron or pupil attending any school of said district."

Strange to say, the body of the Act contains no reference to the provision in the title relating to Fort Mill school district; that evidently having been inserted as an amendment to the bill, and by inadvertence omitted altogether in the body of the Act. The body of the Act regulates the selection of school trustees by appointment by the county boards of education, and contains this provision:

"*Provided,* the provisions of this Act shall not affect the election of school trustees in school districts of this State in which election of such trustees is now provided by law."

I think there are two reasons why the Act of 1918 does not control the selection of trustees in Spartanburg County under the Act of 1917: (1) The Act is unconstitutional in relating to more than one subject, and in that the body

of the Act does not conform to the title; and (2) the proviso quoted above renders it nonapplicable to Spartanburg County, wherein provision is made by the Act of 1917 for selection by election.

It appears that the county board of education, acting under the Act of 1918, appointed those trustees of the particular school district in question, Victor school district No. 55, the term of one of them expiring April 1, 1922, another April 1, 1923, and the third April 1, 1924. Subsequently to these appointments an election was held in the school district under the Act of 1917, which resulted in the election of the petitioners over their competitors by a vote of 46 to 30, each of the petitioners having received the same number of votes. The petitioners demanded their commissions; the county board refused to issue them; and this proceeding in the nature of a mandamus resulted.

I am of opinion that neither the petitioners nor those appointed by the county board of education under the Act of 1918 are entitled to their commissions as school trustees. The petitioners are not so entitled, for the reason that, under the peculiar provisions of the Act of 1917, it is impossible to designate the term of those elected, each having received the same number of votes. The trustees appointed by the county board of education are not so entitled for the reason that the Act of 1918 is unconstitutional, and expressly excepted the school districts in Spartanburg County from its operation. The result is that it becomes the duty of the county board of education to proceed under the law as it stands unaffected by either the Act of 1917 or that of 1918 until the school district shall have conformed to the Act of 1917, which as it now stands cannot be done earlier than the year 1924.

I think that the judgment of this Court should be a reversal of the order of the Circuit Judge, with instructions to the county board to proceed as indicated.